UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LEO CASSIDY, <br> Plaintiff, | Case No. 1:21-cv-795 <br> Cole, J. <br> Litkovitz, M.J. |
| vs. | |
| SCIOTO COUNTY CORRECTIONS, <br> Defendant. | AMENDED REPORT & <br> RECOMMENDATION |

Plaintiff, a former inmate at the Scioto County Jail, filed in the Scioto County Court of Common Pleas a pro se civil rights action challenging the conditions of his confinement. Defendant Scioto County Corrections removed the matter to this Court (Doc. 1), filed a motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted (Doc. 2), and moved to consolidate this matter with a related case (Doc. 7). The Clerk of Courts mailed paper copies of the relevant documents to the plaintiff at the address he provided, the Scioto County Jail. On January 26, 2021, the Clerk's mail was returned to the Court marked "RTS – Not in Jail." (See Doc. 9). On January 27, 2022, plaintiff was ordered to show cause in writing, within fifteen (15) days, why the Court should not dismiss this case against defendant for lack of prosecution. (Doc. 10).

To date, more than fifteen days later, plaintiff has not responded to the show cause order and there is no indication from the docket that plaintiff is actively engaged in litigating this case.

A pro se litigant has an affirmative duty to diligently pursue the prosecution of his cause of action, *see Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991), as well as a duty to supply the Court with notice of any and all changes in his address. *See Barber v. Runyon*, No. 93-6318, 1994 WL 16375, at *1 (6th Cir. May 2, 1994) (citing *Pena v. Seguros La Commercial, S.A.,* 770

F.2d 811, 815 (9th Cir. 1985)).

District courts have the power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Accordingly, dismissal is appropriate. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** with prejudice for lack of prosecution and for failure to obey a Court order.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.

Date: 5/26/2022

Karen L. Litkovitz, Magistrate Judge
United States District Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LEO CASSIDY,                      Case No. 1:21-cv-795
    Plaintiff,                      Cole, D.
                                             Litkovitz, M.J.

vs.

SCIOTO COUNTY CORRECTIONS,
    Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. This period may be extended further by the Court on timely motion by either side for an extension of time. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).