UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LEO CASSIDY,

    Plaintiff,

v.

SCIOTO COUNTY
CORRECTIONS,

    Defendant.

Case No. 1:21-cv-795
JUDGE DOUGLAS R. COLE
Magistrate Judge Litkovitz

## ORDER

This cause comes before the Court on the Magistrate Judge's May 26, 2022, Amended Report and Recommendations ("Amended R&R," Doc. 13), which recommends dismissing Plaintiff Leo Cassidy's Complaint (Doc. 3) for lack of prosecution and for failure to obey a court order. For the reasons stated more fully below, the Court **ADOPTS** the Amended R&R (Doc. 13), and accordingly **DISMISSES** Cassidy's Complaint (Doc. 3) **WITH PREJUDICE**. As a result, the Court **DENIES** all outstanding motions in this matter (Docs. 2, 4, 7) **AS MOOT**.

Plaintiff Leo Cassidy originally filed his Complaint against Defendant Scioto County Corrections ("SCC") in the Scioto County Court of Common Pleas on November 23, 2021. (*See* Compl., Doc. 3, #32). Defendant SCC timely removed the action to this Court, asserting federal question jurisdiction. (Notice of Removal, Doc. 1, #2 (citing 28 U.S.C. § 1331)). In particular, SCC argued in its Notice of Removal that the claims in Cassidy's Complaint arise under 42 U.S.C. § 1983 and "should be

1

construed" as alleging unlawful conditions of confinement in violation of the Eighth and Fourteenth Amendments. (*Id.* at #1–2).

On the same day it removed the action, SCC moved to dismiss Cassidy's Complaint for failure to state a claim. (Mot. to Dismiss, Doc. 2). Among other things, SCC argued that (1) the Corrections facility itself was not a proper defendant; (2) even had Cassidy named the Scioto County Sherriff as a defendant, the Complaint would fail to state a claim against the Sherriff; and (3) even had Cassidy named Scioto County itself as a defendant, the Complaint would likewise fail to state a claim for *Monell* liability against the County. (*See id.* at #21). Soon after, SCC moved to consolidate the instant case with case number 1:21-cv-773, another action filed by Cassidy concerning the conditions of his confinement at SCC. (Doc. 7, #45–46). Though these cases were never formally consolidated, the assigned Judges agreed that this case and case number 1:21-cv-773 were related. (*See* Related Case Mem. Order, Doc. 8).

A few days after SCC moved to dismiss Cassidy's Complaint, Cassidy moved to amend it. (Mot. to Amend, Doc. 4). In that Motion, Cassidy conceded a "defect" in the Complaint, and sought to remedy the defect by adding "Scioto County Commissioners, the Scioto County Sherriff," and SCC's "Head Jailer/Administrator" as defendants. (*Id.* at #41). Cassidy did not, however, offer any formal response to SCC's Motion to Dismiss. Moreover, the notice mailed to Cassidy to apprise him of the related case memorandum order was returned undeliverable on January 26, 2022, labeled "Not In Jail." (*See* Doc. 9).

2

The day after the notice was returned undeliverable, the Magistrate Judge ordered Cassidy to, in writing and within fifteen days, show cause why his Complaint should not be dismissed for lack of prosecution. (Doc. 10). Nearly four months later, the notice mailed to Cassidy regarding the Show Cause Order was returned as undeliverable. (*See* Doc. 12). The Magistrate Judge issued the instant Amended R&R the next day.[1] (Doc. 13). That R&R recommends dismissing Cassidy's Complaint with prejudice primarily because "[t]o date, … plaintiff has not responded to the show cause order and there is no indication from the docket that plaintiff is actively engaged in litigating this case." (*Id.* at #64).

The Amended R&R advised Cassidy that failing to object within 14 days could result in forfeiture of rights on appeal, which includes the right to District Court review. (*Id.* at #66). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R … is forfeiture"); 28 U.S.C. § 636(b)(1)(C). Accordingly, the deadline for objection was June 9, 2022. That date has passed, and no party objected, nor did they seek additional time to do so.

Nonetheless, although no party objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself

---

[1] The Magistrate Judge filed an initial R&R on May 25, 2022. (Doc. 11). That R&R, however, did not include the usual notice that objections must be filed within 14 days. The Amended R&R (Doc. 13) includes the notice and is otherwise identical to the initial R&R.

3

that there is no clear error on the face of the record in order to accept the recommendation." *See, e.g.*, *Mavrakis v. Warden*, No. 5:17-cv-2398, 2018 WL 4104187, at *3 (N.D. Ohio Aug. 28, 2018) (reviewing for clear error absent an objection to a Magistrate Judge's R&R); *Jackson v. Drug Enf't Admin.*, No. 1:21-cv-402, 2022 WL 60312, at *1 (S.D. Ohio Jan. 6, 2022) (same); *Wilkins v. Mahlman*, No. 1:21-cv-312, 2022 WL 44689, at *1 (S.D. Ohio Jan. 5, 2022) (same).

The Court has reviewed the Amended R&R (Doc. 13) and finds "no clear error on [its] face." *See* Fed. R. Civ. P. 72(b) (advisory committee notes). An action is subject to dismissal for lack of prosecution where a pro se litigant fails to comply with the Court's orders or engages in a clear pattern of delay. Fed. R. Civ. P. 41(b); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962) (district courts have the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," including by sua sponte dismissal). Here, Cassidy has arguably both failed to comply with the Court's orders *and* engaged in a clear pattern of delay. That is, not only did Cassidy fail to respond to the Magistrate Judge's order to show cause why his action should not be dismissed, but he also failed to respond to Defendant SCC's Motion to Dismiss, and there is no evidence that he remains interested in litigating his claims.

Cassidy's unrepresented status does not warrant any "special consideration." *See Jourdan*, 951 F.2d at 110. True, it appears Cassidy may be unaware of the developments in his case, given that the Court's various mailed notices have been uniformly returned as undeliverable. (*See* Docs. 9, 12, 14, 15, 16). But this potential

4

lack of awareness is no excuse; as the Amended R&R correctly notes, it is incumbent upon any litigant, including a pro se litigant, to keep the Court informed of his or her current address. (Doc. 13, #64 (citing *Barber v. Runyon*, No. 93–6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994))). And the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) ("Where … a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant.").

Although the Court prefers to adjudicate cases on their merits, Cassidy's failure to respond to SCC's Motion to Dismiss (Doc. 2) or to the Court's Show Cause Order (Doc. 10) amounts to a clear pattern of delay and failure to obey a Court order, and therefore warrants dismissal of this case for lack of prosecution pursuant to Fed. R. Civ. P. 41(b). *See Link*, 370 U.S. at 630–31; *Jourdan*, 951 F.2d at 110.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Amended R&R (Doc. 13), and accordingly **DISMISSES** Cassidy's Complaint (Doc. 3) **WITH PREJUDICE**. As a result, the Court **DENIES** all outstanding motions in this matter (Docs. 2, 4, 7) **AS MOOT**. The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be taken in good faith, and thus Cassidy is not entitled

to in forma pauperis status on appeal. The Court **DIRECTS** the Clerk to enter judgment accordingly and to **TERMINATE** this case on the Court's docket.

    **SO ORDERED.**

July 13, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**